AO 243 (Rev. 10/15)                                                                                     Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | District of New Mexico | |
|---|---|---|---|
| Name (under which you were convicted): Edward S. Christy | | | Docket or Case No.: |
| Place of Confinement: Elkton F.C.I., Lisbon, Ohio | | Prisoner No.: 54280-51 | |
| UNITED STATES OF AMERICA  v.  Edward S. Christy | | Movant (include name under which convicted) | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court, District of New Mexico
   333 Lomas Blvd. NW
   Albuquerque, New Mexico 87102

   (b) Criminal docket or case number (if you know): CR-10-1534 JB

2. (a) Date of the judgment of conviction (if you know): 9/30/2011

   (b) Date of sentencing: 5/23/2012

3. Length of sentence: 103 Months

4. Nature of crime (all counts):

   18 U.S.C. Section 2422(a)
   18 U.S.C. Section 2255(a)(4)(B)

5. (a) What was your plea? (Check one)
   (1) Not guilty [ ]    (2) Guilty [✓]    (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [ ]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [✓]

8. Did you appeal from the judgment of conviction?   Yes [✓]   No [ ]

AO 245 (Rev. 11/15)

Page 3

9. If you did appeal, answer the following:
   (a) Name of court: U.S. Court of Appeals for the Tenth Federal Circuit
   (b) Docket or case number (if you know): 12-2127
   (c) Result: Affirmed judgment of District Court.
   (d) Date of result (if you know): 1/3/2014
   (e) Citation to the case (if you know): 739 F.3d 534
   (f) Grounds raised:
   Appealed denial of Motion to Suppress Evidence on basis of inevitable discovery doctrine.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes [✓]  No [ ]
       If "Yes," answer the following:
       (1) Docket or case number (if you know): 13-10390
       (2) Result: Certiorary denied
       (3) Date of result (if you know): 10/6/2014
       (4) Citation to the case (if you know): 135 S. Ct. 104
       (5) Grounds raised:
       1. Whether a tangible step to obtain a search warrant is a threshold requirement before the inevitable discovery exception to the Fourth Amendment warrant requirement can be applied to the warrantless search of a citizen's home

       2. Whether information acquired by different agencies participating in a joint state and federal investigation, while working in concert with each other, can be from an independent source, where no other investigation is in progress, for the purpose of determining if inevitable discovery can apply.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [✓]  No [ ]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: United States Supreme Court
        (2) Docket or case number (if you know): 13-10390
        (3) Date of filing (if you know): 10/31/2014
        (4) Nature of the proceeding: Petition for Rehearing
        (5) Grounds raised: That the Court misapplied existing caselaw in denying certiorary.

AO 243 (Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐    No ☑
(7) Result:  Petition for Rehearing Denied
(8) Date of result (if you know):  12/1/2014

(b) If you filed any second motion, petition, or application, give the same information:
   (1) Name of court:  not applicable
   (2) Docket of case number (if you know):
   (3) Date of filing (if you know):
   (4) Nature of the proceeding:
   (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐    No ☐
(7) Result:
(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
   (1) First petition:    Yes ☐    No ☐
   (2) Second petition:   Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                                          Page 5

**GROUND ONE:** Defendant is Factually Innocent of Violating 18 U.S.C. Section 2422(a) as set forth in the indictment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Predicate offense was Criminal Sexual Penetration in the Second Degree under New Mexico Statutes Annotated Section 30-9-11. However, the woman involved was above the age of sixteen years, the act was consensual, negating force or coercion, and the elements set forth in 30-9-11(E)(2-6) do not apply or were absent.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:

  Because the plea agreement only gave permission to directly appeal the suppression issues.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition:

  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):

  Date of the court's decision:

  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

AO 243 (Rev. 01/15)

Page 5

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**   Movant's conviction for violation of 18 U.S.C Section 2255(a)(4)(B) must be vacated and the indictment dismissed for violations of the Speedy Trial Act.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant was detained by a joint state and federal task force, and remained in custody for more than six months prior to federal charges being filed due to a prosecutorial ruse involving representations to the State court that federal charges would be timely filed, while the State Speedy Trial deadline expired with the Movant in custody, requiring dismissal of the state charges. State charges were predicated upon NMSA Section 30-9-11(e) (Second Degree Criminal Sexual Penetration).

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The plea agreement specified only the suppression issue on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

AO 243 (Rev. 01-15)
Page 7

(2) If you answer to Question (c)(1) is "Yes," state

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Movant's procedural and substantive due process rights were violated by the prosecutorial misconduct described above, i.e. collusion to keep Mr. Christy in custody on baseless state claims in order to gain advantage in Federal Court, deny him bail, and extend his custody wrongfully.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

State prosecutors, cooperating with federal prosecutors, obstructed the course of due process by opposing reasonable bond for Mr. Christy by representing to the state court that federal charges would soon be filed and that therefore Mr. Christy was a flight risk, while denying discovery to his counsel at the state court level, and violating the state speedy trial deadline before finally dismissing charges after Mr. Christy had been in custody for more than six months.

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:
   The plea agreement specified only the suppression issue on direct appeal.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Christy was denied his Eighth Amendment right to reasonable bond, both in state court and federal court.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The bond required in state court was $200,000.00 cash only, much more than the normal bond for similar offense allegations. This left Mr. Chridly in custody for the entire period while the state prosecution was pending. In federal court, Mr. Christy was groundlessly charged with a violation of 18 U.S.C. Sectyion 2423(a), which provided the Government with the presumption in favor of detention which resulted in Mr. Christy remaining in custody for more than two years while his case was pending in the trial court.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Plea agreement specified only the suppression issue on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   Yes. No grounds presented here have been presented before because the plea agreement specified direct appeal only on the suppression issues.
   Christy also urges three other grounds herein, i.e., (6) that his plea agreement was void ab initio because it was entered into fraudulently and in bad faith by the government, that there was a failure of consideration because the perceived reduction in criminal liability was illusory because he had no liability under the statutes he was charged under; (7) that Mr. Christy did not receive equal protection under the law because his rights ere violated by being forcible removed from his home, incarcerated, and charged and prosecuted for crimes for which he had not criminal liability, and; (8) State and Federal Statutes under which Mr. Christy was prosecuted are void for vagueness as they do not provide a person of ordinary intelligence fair notice of what is prohibited, or that they a

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)                                                                                                                                       Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:
   Lee P. McMillian represented Mr. Christy at all stages of the proceedings.

   (b) At the arraignment and plea:
   Lee P. McMillian

   (c) At the trial:

   (d) At sentencing:
   Lee P. McMillian

   (e) On appeal:
   Lee P. McMillian

   (f) In any post-conviction proceeding:

   (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   Certiorary was denied on October 6, 2014. Therefore, this filing and Mr. Christy's pro se filing on September 30th are timely.


AO 243 (Rev. 01/15)        Page 12

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1)   the date on which the judgment of conviction became final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15) Page 13

Therefore, movant asks that the Court grant the following relief:

Vacate his convictions, void his plea agreement, dismiss his indictments with prejudice, order immediate release,

or any other relief to which movant may be entitled.

 

Lee P. McMillian //ss//
Signature of Attorney (if any)

 

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year)

Executed (signed) or (date)

 

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Movant has previously signed his pro se Motion, attached as Exhibit A. He has also filed a pro Se supporting brief, attached hereto as Exhibit B, which he asks the Court to consider