## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                         No. CV 15-0881 JB/LAM
                                 CR 10-1534 JB

EDWARD CHRISTY,

        Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    **THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Movant") Edward Christy's *Motion Under 18 [sic] U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (*Doc. 1*),[2] *Brief in Support of Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255* (*Doc. 1-1*), both filed on October 1, 2015, and amended *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (*Doc. 4*), filed on October 6, 2015 (hereinafter, collectively, "§ 2255 motion"). On October 5, 2015, United States District Judge James O. Browning referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition,

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

[2] Hereinafter, all documents from Case No. CIV-15-0881 cited in this decision will be designated as "*Doc.*" followed by their docket number.

and a hearing, if necessary (*Doc. 3*).   On October 15, 2015, the Court ordered (*Doc. 5*) Plaintiff/Respondent (hereinafter "the Government") to file an answer to Movant's § 2255 motion, which the Government did on December 5, 2015 (*Doc. 9*).   On December 21, 2015, Movant filed a reply in support of his § 2255 motion.   [*Doc. 10*].   On January 19, 2016, Movant filed a ***Motion to Supplement Petitioner's Reply Due to Newly-Discovered Authority*** (*Doc. 13*).   The Government did not respond to Movant's motion to supplement his reply.

This matter is also before the Court on Movant's ***Emergency Motion for Release Pending Habeas*** (*Doc. 11*), filed January 11, 2016.   The Government filed a response to Movant's Emergency Release motion on January 17, 2016.   [*Doc. 12*].   On February 1, 2016, Movant filed a reply to his motion for release (*Doc. 14*), and, on February 4, 2016, Movant filed an addendum to his reply to his motion for release (*Doc. 15*).   In addition, on February 22, 2016, Movant filed a ***Motion for Expedited Disposition of Motion Under 28 U.S.C. § 2255*** (*Doc. 16*).   The Government did not respond to Movant's motion to expedite ruling on his § 2255 motion.

Having considered the parties' submissions, relevant law, and the record in both this case and in Movant's underlying criminal case (Case No. CR-10-1534), the undersigned recommends, for the reasons set forth below, that Movant's § 2255 motion be **GRANTED in part and DENIED in part**; that Movant's ***Motion to Supplement Petitioner's Reply Due to Newly-Discovered Authority*** (*Doc. 13*) be **GRANTED**; and that Movant's ***Emergency Motion for Release Pending Habeas*** (*Doc. 11*) and ***Motion for Expedited Disposition of Motion Under 28 U.S.C. § 2255 (Doc. 16)*** be **DENIED**.

# I.   Factual and Procedural Background

In 2009, Movant drove to California, picked up a 16-year old girl (hereinafter "Minor"), and brought her back to his home in Albuquerque, New Mexico.[3]   Movant and Minor had previously "met" on a dating website, and had exchanged sexually explicit emails and photographs.   Minor's parents reported her missing, and FBI task force officers began investigating her disappearance.   Using telephone records, the officers discovered a connection between Minor and Movant, and determined that Movant had recently traveled to California and back from New Mexico.   The FBI contacted the Bernalillo County, New Mexico, Sheriff's Office, which dispatched two deputies to Movant's residence to conduct a welfare check on Minor.   Peering through a crack in some window blinds, one of the deputies observed Minor smiling and holding a rope, while wearing only a bra and panties.   Fearing for Minor's safety, the deputy contacted his sergeant to request both permission to force entry into the house and that backup officers be dispatched.   Peering through the window again, the deputy saw Minor, who was no longer wearing a bra, bound by a rope while a camera flashed.   When the requested backup arrived, the deputies forcibly entered Movant's house and arrested him.   In the course of conducting a protective sweep of the house, the officers found pornographic materials.   Later, while being interviewed by a detective, Movant described his relationship with Minor and how he had driven her from California to New Mexico, and also admitted that they had engaged in sex in both California and New Mexico.   Based on the deputies' observations at Movant's residence, along with the statements Movant made after his arrest, the detective sought and obtained warrants to search Movant's residence, cell phone, vehicle, computer, and person.   During the searches

---

[3] The basic facts underlying Movant's plea and conviction, which Movant does not contest, have been taken primarily from the Tenth Circuit Court of Appeals' decision in *United States v. Christy*, 739 F.3d 534, 537-39 (10th Cir. 2014).

3

pursuant to warrants, computer files containing child pornography, including pictures of Minor, were obtained.   The parties do not dispute the facts that Movant was aware of Minor's age when he picked her up, or that Minor consented to sexual activity with Movant.

In May 2010, a federal grand jury returned an Indictment against Movant (*CrDoc. 2*),[4] charging him with one count of transportation with intent to engage in criminal sexual activity, under 18 U.S.C. § 2423(a), and three counts of possession of matter containing visual depictions of minors engaged in sexually explicit conduct (hereinafter "Child Pornography"), under 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256.[5]   Movant filed a motion to suppress all evidence obtained as a result of the warrantless search of his house, including his statements to police officers and all evidence that was obtained pursuant to the subsequently-obtained search warrants.   [*CrDoc. 41*].   The Court granted the motion to suppress, finding that the deputies had violated the Fourth Amendment when they entered Movant's home without a warrant. [*CrDoc. 127*].   The Government filed a motion to reconsider (*CrDoc. 133*), which the Court granted on the basis of the "inevitable discovery doctrine," finding that the officers would have legally obtained a warrant and discovered the evidence, even absent the initial warrantless search. [*CrDoc. 175*].   On September 30, 2011, the Government filed a criminal Information that charged Movant with one count of Coercion and Enticement, under 18 U.S.C. § 2422(a), and one count of Child Pornography, under  18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and  2256.   [*CrDoc. 193*]. On the same day, Movant and the Government entered into a plea agreement, under which Movant pled guilty to both charges of the Information.   [*CrDoc. 195*].   Under the terms of the plea

---

[4] Hereinafter, all citations in this decision to documents from the underlying criminal case (Case No. CR-10-1534 JB) will be designated as "*CrDoc.*" followed by their docket number.

[5] Section 2256 provides definitions for Chapter 110 of the Criminal Code, "Sexual Exploitation and Other Abuse of Children," which includes 18 U.S.C. § 2252.   Section 2252(b)(2) specifies the penalties for violating § 2252(a)(4).

4

agreement, Movant and the Government stipulated to a sentence of 108 months of prison time. *Id.* at 5, ¶ 9(a).   The plea agreement also contained an appeal-waiver provision to the effect that Movant waived the right to appeal or collaterally attack his conviction or sentence, except that he retained the right to collateral relief under § 2255, solely on the basis of ineffective assistance of counsel in negotiating or entering the plea or the waiver provision, and he retained the right to appeal the Court's denial of his motion to suppress.   *Id.* at 14-15.   On May 23, 2012, the Court accepted the parties' stipulated sentence and imposed two concurrent prison terms of 108 months each, and also imposed concurrent lifetime supervised release terms for each count. [*CrDoc. 226*].   At the sentencing hearing, and pursuant to the plea agreement, the Government requested and obtained an order of dismissal of the Indictment against Movant.   [*CrDoc. 214*].

Movant appealed his convictions to the Tenth Circuit Court of Appeals on the ground that his motion to suppress was erroneously denied, and that court affirmed on January 3, 2014. *Christy*, 739 F.3d 534 (trial court did not abuse its discretion by granting motion to reconsider suppression ruling, and inevitable discovery rule was properly applied).   The United States Supreme Court denied Movant's petition for writ of certiorari on October 6, 2014, *Christy v. United States*, 135 S. Ct. 104 (2014), and his petition for rehearing on December 1, 2014, *Christy v. United States*, 135 S. Ct. 745 (2014).

Movant timely filed his § 2255 motion on October 1, 2015.[6]   In his § 2255 motion, Movant raises the following claims: (1) he is actually innocent of violating 18 U.S.C. § 2242(a); (2) his convictions must be vacated due to violations of the Speedy Trial Act; (3) prosecutorial

---

[6] A motion under 28 U.S.C. § 2255 is timely if it is filed within one year from the date the conviction becomes final.   *See* 28 U.S.C. § 2255(f)(1).   The Tenth Circuit Court of Appeals has held that "the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review."   *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).   Here, the United States Supreme Court denied Movant's petition for writ of certiorari on October 6, 2014, and his petition for rehearing on December 1, 2014.   Since Movant filed his motion within one year of that denial, on October 1, 2015, his motion is timely.

misconduct; (4) denial of his 8th Amendment right to reasonable bail; (5) his guilty plea was not

knowing and voluntary; (6) his guilty plea is void *ab initio*; (7) his equal protection rights were

violated; and (8) the state and federal statutes under which he was prosecuted are void for

vagueness.   [*Doc. 1* at 2-3] and [*Doc. 4*].

## II.   Analysis

### A.   Coercion and Enticement Conviction

The Coercion and Enticement charge against Movant was based on the following provision

of the United States Criminal Code:

> Whoever knowingly persuades, induces, entices, or coerces any individual to travel
> in interstate or foreign commerce, or in any Territory or Possession of the United
> States, to engage in prostitution, *or in any sexual activity for which any person can
> be charged with a criminal offense*, or attempts to do so, shall be fined under this
> title or imprisoned not more than 20 years, or both.

18 U.S.C. § 2422(a) (2006) (emphasis added).   The factual basis for the Government's charge

under this provision, to which Movant admitted in his 2011 plea deal, was that:

> [O]n or between October 1, 2009 to November 9, 2009, I, **EDWARD CHRISTY**,
> knowingly persuaded, induced, and enticed [Minor], who I knew to be 16 years old,
> to travel in interstate commerce, without the permission of her parents, to engage in
> sexual activity with me for which I could be charged to include: Criminal Sexual
> Penetration in the Second Degree, in violation of [N.M.S.A. 1978] § 30-9-11(E)(5),
> Contributing to the Delinquency of a Minor, in violation of [N.M.S.A. 1978]
> § 30-6-3, and Unlawful Custodial Interference, in violation of [N.M.S.A. 1978]
> § 30-4-4(C).

[*CrDoc. 195* at 10, ¶ 11].

Movant asserts several grounds for relief from his Coercion and Enticement conviction, including

that he is "innocent of violating 18 U.S.C. § 2422(a) because no predicate sex crime existed."

[*Doc. 1-1* at 2 and 3-8].   Since the Government agrees that the facts of the alleged offense do not

support a conviction under § 2422(a), the Court need not address Movant's other grounds for relief from this charge.

For the purposes of this case, § 2422(a) required the Government to prove two elements: (1) that Movant knowingly persuaded, induced, or enticed Minor to travel in interstate commerce; and (2) to engage in any sexual activity for which any person can be charged with a criminal offense.   The facts that establish the first element, enticing interstate travel, are uncontested.   As support for the second element, criminal sexual activity, the Government alleged that Movant could be charged with Criminal Sexual Penetration in the Second Degree (hereinafter "CSP II") pursuant to N.M.S.A. 1978 § 30-9-11(E)(5) (2009).   That charge required proof that Movant engaged in "criminal sexual penetration perpetrated . . . in the commission of any other felony." The "other felon[ies]" charged by the Government were Contributing to the Delinquency of a Minor, pursuant to N.M.S.A. 1978 § 30-6-3 (1990), and Unlawful Custodial Interference, pursuant to N.M.S.A. 1978 § 30-4-4(C) (1989).   The charging statute defines "criminal sexual penetration" as "the unlawful and intentional causing of a person to engage in" specified sexual activities, including intercourse.   N.M.S.A. 1978 § 30-9-11(A) (2009).

Thus, the Government alleged, as the second element of Coercion and Enticement under the federal statute, that Movant enticed Minor to engage in sexual activity for which Movant could be charged with criminal sexual penetration during the commission of the felony of either "contributing to the delinquency of a minor" (defined as "any person committing any act or omitting the performance of any duty, which act or omission causes or tends to cause or encourage the delinquency of any person under the age of eighteen years," N.M.S.A. 1978 § 30-6-3 (1990)) or "unlawful interference with custody" (defined as "any person, not having a right to custody,

maliciously taking, detaining, concealing or enticing away or failing to return any child with the

intent to detain or conceal permanently or for a protracted time that child from any person having a

right to custody of that child," N.M.S.A. 1978 § 30-4-4(C) 1989).[7]   In the plea agreement, Movant

admitted the following facts:

> [O]n November 8, 2010, I arrived in Westmi[n]ster, California from Albuquerque,
> New Mexico to pick up [Minor] without the permission of her parents.   I
> transported [Minor] by my vehicle from Westmin[]ster, California to my residence
> in Albuquerque, New Mexico.   During the course of this travel, I had sexual
> intercourse with [Minor] at a motel in Needles, California and my Albuquerque,
> New Mexico residence.   I knew [Minor] was 16 years old at the time of this sexual
> activity.
>
>      c.     At the time that I traveled to California to pick up [Minor], I
> intended to engage in sexual activity with [her].   Furthermore, at the time I
> traveled to California to pick up [Minor], I did not have a right to custody of [her].
> By planning to take and ultimately taking [Minor] from her home without her
> parents' permission, I caused and encouraged [her] to refuse to obey the reasonable
> and lawful commands or direction of her parents, who had lawful authority over
> her.[8]

[*CrDoc. 195* at 6-7, ¶¶ 10(b) and (c)].

### 1.   Law at the Time of the Plea Agreement

Prior to the occurrence of the facts upon which Movant was charged with Coercion and

Enticement, the New Mexico Court of Appeals had interpreted the State's CSP II statute in *State v.*

*Maestas*, 2005-NMCA-062, 137 N.M. 477, 112 P.3d 1134, *rev'd on other grounds*,

---

[7] Both contributing to the delinquency of a minor and unlawful custodial interference are fourth degree felonies in New Mexico.

[8] Movant's statement to the effect that he caused Minor to refuse to obey the lawful order of her parents appears to have been included in the plea agreement in order to satisfy proof of contributing to the delinquency of a minor.  *See, e.g.*, *State v. Romero*, 2000-NMCA-029, ¶ 31, 128 N.M. 806, 999 P.2d 1038 (proof of contributing to the delinquency of a minor based on "causing or encouraging a minor to refuse to obey the reasonable and lawful command or direction of the . . . person who has lawful authority over the minor" requires proof "that the defendant knew or by the exercise of reasonable care should have known of such command or direction").   Since it does not appear that Movant admitted all of the elements of the crime of unlawful interference with custody (which requires that the child's detainment or concealment be "permanent[] or for a protracted time"), N.M.S.A. 1978 § 30-4-4(C), the Court considers that Movant's Coercion and Enticement conviction was, ultimately, based on sexual activity that could be charged under New Mexico laws as criminal sexual penetration during the commission of the felony of contributing to the delinquency of a minor.

2007-NMSC-001, 140 N.M. 836, 149 P.3d 933.   In *Maestas*, the defendant argued that the trial court erred by failing to instruct the jury that a conviction under the CSP II statute required proof that the defendant used "force or coercion" to cause the victim to engage in sexual activity.   The Court of Appeals rejected this contention, stating that the CSP II jury instructions had:

> [R]equir[ed] the jury to find that Defendant *caused* Victim to engage in the various sex acts and that the acts occurred *during* the commission of the underlying felony. The emphasized words constitute a requirement that there be a causal connection between the felony and the sex act.   This requirement is enough to insure that an accused will not be convicted for engaging in purely consensual sex.

*Id*. ¶ 24.   Subsequently, but still before Movant and the Government executed the plea agreement in September 2011, a trial court's dismissal of CSP II and CSP IV[9] charges, on the ground that the prosecution had failed to instruct the grand jury that CSP must be "without consent," was reversed by the New Mexico Court of Appeals in *State v. Moore*, 2011-NMCA-089, 150 N.M. 512, 263 P.3d 289.   In *Moore*, the 14-year old victim told the police that she and the defendant had engaged in consensual sex while smoking marijuana on multiple occasions.   The appellate court held, first, that "the law does not recognize the willingness of a fourteen-year-old child to consent to sexual intercourse with a forty-six-year-old man as vitiating the act of CSP, and as a result, Victim's consent or lack thereof is legally irrelevant under the CSP IV statute."   *Id*. ¶ 11, citing *State v. Perea*, 2008-NMCA-147, ¶¶ 10-11, 145 N.M. 123, 194 P.3d 738.[10]   With respect to the

---

[9] CSP IV "consists of all [CSP] . . . not [otherwise] defined in Subsections D through F . . . perpetrated on a child thirteen to sixteen years of age when the perpetrator is at least eighteen years of age and is at least four years older than the child and not the spouse of that child."   N.M.S.A. 1978 § 30-9-11(G)(1).   This CSP provision has been interpreted to apply only where the victim is at least 13, but less than 16, years of age at the time of the offense.   *See, e.g., State ex rel. Children, Youth and Families Dep't. v. Paul P*., 1999-NMCA-077, ¶¶ 9-10, 127 N.M. 492, 983 P.2d 1011.

[10] Previously, in *State v. Paul P*., 1999-NMCA-077, ¶ 11, the Court of Appeals held that the State could not rely on the CSP IV statute to support a claim that a child had been conceived as a result of rape, since the child's mother was sixteen years old when the child was conceived, and the mother's age "renders [CSP] *under any subsection of Section 30-9-11* inapplicable" (emphasis added).   Based on this and other New Mexico cases, the Court, the Government, and Movant in this case are all in agreement that a sixteen-year-old may legally consent to sexual conduct with an older man in the State of New Mexico.   In fact, Minor's ability to consent to sexual activity with

CSP II provision, the *Moore* Court expressly "decline[d] to extend the definition of the unlawfulness element of CSP II to include an additional requirement that Victim did not consent to the sexual intercourse during Defendant's commission of a felony," relying on *Maestas*, 2005-NMCA-062, ¶ 24.  *Moore*, 2011-NMCA-089, ¶ 14.  In other words, the court held "that absence of consent is not an element of the crime of CSP."  *Id.* ¶ 15.

### 2.  Stevens *Decision in 2014*

Pursuant to the state of the law as described above, when Movant and the Government were negotiating and executing the plea agreement that led to Movant's Coercion and Enticement conviction, a fair interpretation of New Mexico's CSP II statute, which was the underlying sexual offense charged as the second element of 18 U.S.C. § 2422(a) (intent that the minor "engage in any sexual activity for which any person can be charged with a criminal offense"), was that engaging in consensual sex with a sixteen-year-old could be the basis for a CSP II charge in New Mexico.  However, in 2014, the New Mexico Supreme Court disapproved of the *Maestas* and *Moore* decisions, stating:

> Addressing a precedential legal issue, we clarify that simply causing another person to engage in otherwise lawful sexual intercourse at the same time a felony is being committed does not constitute the crime of criminal sexual penetration [perpetrated] during the commission of a[nother] felony.  Accordingly, we disapprove any language to the contrary in [*Maestas*].

*State v. Stevens*, 2014-NMSC-011, ¶2, 323 P.3d 901.  The *Stevens* Court based its holding on the CSP II statute itself, which defines the offense as "[CSP] perpetrated . . . in the commission of any other felony," and defines CSP as "unlawful" sexual activity.  *See id.* ¶ 23.  The Court concluded that:

---

Movant was the basis for the district judge's conclusion in the instant case that the warrantless entry and search of Movant's home was not supported by "exigent circumstances."  *See* [*CrDoc. 127* at 60-61].  Therefore, Minor's consensual sex with Movant was not, by itself, "unlawful."

> [M]ore than a simple temporal or causal relationship is necessary to honor the legislative intent underlying the criminal sexual penetration statutes, criminalizing sexual acts perpetrated on persons without their consent, either as a matter of fact or, in the case of children or other vulnerable victims, as a matter of law.

*Id*. ¶ 39.

Thus, in 2014, the New Mexico Supreme Court clarified that a conviction of CSP II requires that the sexual activity perpetrated in the commission of another felony must itself be "unlawful" and, therefore, does not include consensual sex between those with the legal power to give consent.   Pursuant to this clarification, Movant could not have committed "criminal sexual penetration," which is an element of CSP II, because the facts underlying the charge against him were that he engaged in consensual sex with someone who could legally consent when the sexual activity occurred.

### 3.   *Effect of the* **Stevens** *Decision on Movant's Coercion and Enticement Conviction*

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."   *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).   However, the Government concedes, and the Court agrees, that the holding in *Stevens* likely applies retroactively to Movant's plea and conviction, based on *Davis v. United States*, 417 U.S. 333, 346 (1974) (one convicted of an act that becomes non-criminal under subsequently decided case law is entitled to collaterally attack the conviction in order to avoid a miscarriage of justice) and *United States v. Dashney*, 52 F.3d 298, 299 (10th Cir. 1995) (case law interpreting criminal statute more narrowly than previous interpretations applies retroactively).   The Government also concedes that, pursuant to the *Stevens* decision, "[t]here is no evidence that the sexual activity [Movant] engaged in with [Minor] was unlawful standing alone" (*Doc. 9* at 12) and, therefore, "the factual basis for the [Movant]'s

guilty plea to coercion and enticement no longer establishes that the [Movant] could have been charged with CSP II."   *Id.*   Thus, the facts set forth in the plea agreement do not support the element of the Coercion and Enticement statute that Movant intended that Minor would engage in "sexual activity for which any person can be charged with a criminal offense," and Movant "is entitled to the vacatur of his conviction for coercion and enticement."[11]   *Id.*   Therefore, the Court recommends that Movant's § 2255 motion as to his conviction for Coercion and Enticement be granted, and that Movant's conviction for this charge be vacated.

### B.   Child Pornography Conviction

Movant was also charged with Child Pornography based on the following statutory terms:

(a) Any person who—

.   .   .   .

(4) either—

.   .   .   .

(B) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was

---

[11] In the plea agreement, Movant waived the right to collaterally attack his conviction on any ground other than (1) his counsel's ineffective assistance in negotiating or entering the plea or the waiver; and (2) his retained right to appeal the denial of his motion to suppress.   *See* [*CrDoc. 195* at 14-15, ¶ 22].   The Government contends that none of Movant's eight challenges to his convictions in his § 2255 motion allege ineffective assistance of counsel, which is the only challenge he can make under the waiver.   [*Doc. 9* at 4].   Nonetheless, the Government concedes that "principals [sic] of equity dictate that [Movant's] challenge to [the Coercion and Enticement] conviction is not barred by the appeal waiver," although the same is not true with respect to his Child Pornography conviction.   *Id.* at 5. The Court agrees that equity dictates that Movant be allowed to challenge his Coercion and Enticement conviction in this proceeding, despite the terms of the waiver.   However, it does appear that Movant raised ineffectiveness of his counsel in connection with the plea agreement, in Ground Five of his § 2255 motion, wherein he asserts that his plea was "not knowing and voluntary" because neither he, the Court, nor defense counsel "correctly understood the elements" of the charge, and "[h]e was not advised by counsel or the Court that sexual relations in New Mexico were not unlawful, nor that the essential element of the federal crime was missing."   [*Doc. 1* at 3].   Nonetheless, the Court's disposition of the Coercion and Enticement conviction renders consideration of the merits of this claim unnecessary.

produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

(b)(2) Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both . . . .

18 U.S.C. § 2252 (2012).

As set forth above, Movant raises eight claims in his § 2255 motion.   It is not clear which, if any, of these claims, relate to Movant's Child Pornography conviction.   Nevertheless, the Government contends that Movant waived all collateral challenges to his convictions in the plea agreement, which states that "[Movant] agrees to waive any collateral attack to [his] convictions pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver."   [*Doc. 9* at 13-14, citing *Cr.Doc. 195* at 15, ¶ 22].[12]   The Tenth Circuit has explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."   *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Because the Court interprets two of Movant's claims as challenges to the enforceability of the waiver, it will address those claims before deciding whether Movant waived his other claims.

---

[12] The Government's additional argument that Movant's collateral attacks of the Child Pornography conviction are procedurally barred by the principle that failure to raise an issue on direct appeal precludes raising that issue in a collateral proceeding, absent either (1) good cause for failing to raise the issue earlier and actual prejudice, or (2) actual innocence (*see Doc. 9* at 19-20, citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)), is superfluous and need not be addressed because the waiver of collateral attack is valid.   However, where a plea agreement specifically provides that a defendant waives his right to appeal an issue and there either is no collateral attack waiver, or the waiver is determined to be invalid, it is arguable that the defendant's failure to raise that issue on appeal would be excusable under *Bousley*.

Both of Movant's claims regarding the plea agreement are premised on alleged prosecutorial misconduct leading to his guilty plea to a crime for which legitimately he could not be charged.   This concept, in turn, is premised on the theory that, when Movant was charged with and pled guilty to the crime of Coercion and Enticement, the underlying sexual conduct "for which any person can be charged" was not illegal.   However, as has already been discussed in connection with Movant's Coercion and Enticement conviction, the state of the law prior to 2014 (which includes the entire period of time in which Movant was charged, executed the plea agreement, and sentenced, as well as the disposition of his appeal) was that one could be convicted of CSP II in the state of New Mexico based on having consensual sex during the commission of a felony.   That interpretation of the CSP II statute remained the law of the state of New Mexico until the *Stevens* decision was issued in April 2014.   Thus, when Movant entered into the plea agreement waiving his rights to collaterally attack his convictions, all parties involved reasonably believed that he was in fact guilty of CSP II.   The *Stevens* decision, which disapproved prior New Mexico Court of Appeals' interpretations of the CSP II statute and specifically held that consensual lawful sex does not satisfy the element of "criminal sexual penetration" necessary for a conviction of CSP II, warranted this Court's disregard of Movant's waiver of collateral challenges to his Coercion and Enticement conviction.   It does not, however, transform the prosecution's reliance on existing law into "misconduct," nor render Movant's entire plea agreement "void." Nonetheless, Movant relies exclusively on what he calls the prosecution's "egregious" failure (*Doc. 1* at 3) to inform him of then-nonexistent case law regarding CSP II as the basis for this Court to determine that his plea to the charge of Child Pornography was neither knowing nor voluntary.   To the contrary, the Court agrees with the Government that painstaking care was taken

at sentencing to ensure that Movant fully understood and willingly entered into the plea agreement. *See* [*Doc. 9* at 15-17 and *CrDoc.* 240].   For these reasons, the Court finds that the waiver to collateral attack in the plea agreement is enforceable.   In addition, for these same reasons, the Court finds that Movant's ineffective assistance of counsel claim with regard to his guilty plea fails.   Therefore, the Court recommends denying Movant's claims challenging his conviction for Child Pornography, including his request that his conviction for Child Pornography be vacated.

### C.   Effect of Vacating Movant's Coercion and Enticement Conviction

The Court next addresses what effect vacating Movant's Coercion and Enticement conviction and sentence has on Movant's Child Pornography conviction and sentence.   In his § 2255 Motion, Movant asks the Court to: "(1) Void his plea agreement; (2) Vacate his convictions on both counts; (3) Dismiss indictments for both [counts] with prejudice; [and] (4) Order his immediate release from custody."   [*Doc. 1* at 5].   In support of his contention that he should be released immediately, Movant contends that he "has already served the maximum time that would be available to the government under U.S.S.G. [the Sentencing Guidelines] 2G2.2," such that "resentencing for the pornography conviction would provide no remedy to [Movant]."   [*Doc. 10* at 5]; *see also* [*Doc. 14* at 3].   The Government, however, contends that Defendant's Child Pornography plea and conviction is valid, and that "the appropriate remedy would be resentencing on [Movant's] remaining possession of child pornography conviction."   [*Doc. 9* at 21].   In the alternative, if the Court finds that the entire plea agreement is invalid based on the error with the Coercion and Enticement charge, and the Court decides to vacate both of Movant's convictions, the Government asks the Court "under the doctrine of frustration of purpose, to revive the indictment it dismissed pursuant to the plea agreement."   *Id.* at 22.

15

### 1.   *Whether the Entire Plea Agreement is Void*

Certain Tenth Circuit cases have considered the impact of vacating less than all of a defendant's sentences on other, either unchallenged or unsuccessfully challenged, convictions imposed at the same time.   However, none of the decisions is precisely "on all fours" with the instant case.   As such, this Court must interpret the manner in which the concepts stated in these cases are applicable, if at all, to Movant's convictions and sentences.   Most typically, the decisions have involved convictions under 18 U.S.C. § 924(c), which makes the use of a firearm in connection with a drug trafficking offense an additional offense.   Many § 924(c) convictions were later ruled invalid based on *Bailey v. United States,* 516 U.S. 137, 144 (1995), in which the United States Supreme Court held that "use" of a firearm under § 924(c) requires "active employment" of it in connection with trafficking drugs, and "mere possession" of it is insufficient.

Since a § 924(c) firearm conviction depends upon the underlying drug conviction, the two convictions are typically considered "interdependent," such that a successful challenge to one results in vacatur of the entire "sentencing package."   Under this principle, a defendant can be resentenced even on an unchallenged drug conviction, and may even be subjected to a more severe sentence than was initially imposed.   One such case is *United States v. Mendoza*, 118 F.3d 707 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997).   In *Mendoza*, the defendant had pled guilty to both a drug charge and a § 924(c) firearm offense.   He was sentenced to eighty-seven months in prison on the drug charge and to sixty months on the firearm charge, to be served consecutively. Subsequently, based on *Bailey*, defendant filed a § 2255 motion seeking to have his § 924(c) firearm conviction and sentence vacated, to which the government acceded.   Although he had not

16

challenged his drug conviction, the district court resentenced him on that charge to one hundred and eight months, using an enhancement for possessing a firearm during the offense.   The Tenth Circuit affirmed that sentence, holding that "a district court has authority to resentence a defendant on unchallenged related convictions, after vacating [one] conviction in a § 2255 proceeding." *Mendoza*, 118 F.3d at 709.   As authority for resentencing, *Mendoza* relied on language in 28 U.S.C. § 2255(b) that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate," if it determines that § 2255 relief is warranted.   In doing so, *Mendoza* interpreted the statutory reference to "sentence" to "encompass[] both the sentence under which a defendant is in custody . . . and any federal sentence that has been ordered to run *consecutively* to such sentence"  *Id*. n.4 (emphasis added).   Thus, *Mendoza* relied on the fact that consecutive sentences had been imposed, which is not the situation presented by the instant case.   The Court added that resentencing was appropriate in *Mendoza* "in light of the *interdependence* of that sentence and the vacated § 924(c) sentence."  *Id*. at 710 (emphasis added).[13]

Similarly, in *United States v. Lewis*, 138 F.3d 840 (10th Cir. 1998) the defendant pled guilty to one count of using a firearm in connection with a drug trafficking offense that was later invalidated pursuant to *Bailey*.   Defendant had challenged the § 924(c) conviction, but emphasized that he was not challenging the plea agreement under which ten other charges against him had been dismissed.   He argued that he was therefore entitled to immediate release. However, the Tenth Circuit again held that an appropriate remedy was to vacate the entire plea agreement and restore the parties to their pre-plea positions, explaining that "the broad and flexible

---

[13]  It is not entirely clear whether the reasoning in *Mendoza* would apply to simply "related" convictions that resulted in consecutive sentences, or whether it is limited to consecutive sentences on convictions that are "interdependent."   However, since Movant's sentences were not imposed consecutively, that issue need not be decided in this case.

17

remedial power conferred on the district court by section 2255 *together with the interdependence of the various counts disposed of in a plea agreement*, upon which we relied in *Mendoza*, provide the district court with authority to vacate an entire plea agreement when a conviction that is part of the plea package is vacated."  *Lewis*, 138 F.3d at 842 (emphasis added, footnote omitted).   The Tenth Circuit stated that:

> Given the realities of plea bargaining, it makes good sense to apply the sentence package concept when a petitioner challenges one of multiple convictions obtained under a plea agreement . . . . Because the district court cannot possibly know what convictions or sentences [a defendant] would have received had he not pleaded guilty to the invalid section 924(c) count . . ., an appropriate remedy is to put [the defendant] in the position he was in before he entered into the plea agreement or before the district court accepted the plea based on conduct which did not constitute the crime charged.

*Id.* at 843 (quoting *United States v. Barron*, 127 F.3d 890, 895 (9th Cir. 1997)).   The Tenth Circuit further found that, "[a]s the Ninth Circuit observed with regard to the circumstances in the instant case, '[t]his remedy would also be appropriate where the government agreed to drop some charges brought in the original indictment in exchange for the petitioner's agreement to plead to others.'" *Lewis*, 138 F. 3d at 843 (quoting *Barron*, 127 F.3d at 896, n.4).   "Applying contract principles," the *Lewis* Court noted that the defendant could have performed under the plea agreement despite the *Bailey* decision.   But once he challenged the conviction under § 2255, "he relieved the government from performing its side of the plea bargain" as well.   *Lewis*, 138 F.3d at 841, n. 2. Again, the basis for the *Lewis* Court's holding was the interdependence of the charges.

The Tenth Circuit once again endorsed its *Mendoza* holding in *United States v. Easterling*, 157 F.3d 1220 (10th Cir. 1998).   The defendant in *Easterling* had similarly pled guilty to both a drug and a § 924(c) charge, and sentences of ninety months on the drug offense and sixty months

on the firearm offense had been imposed consecutively.   After losing his appeal of the

convictions, the defendant successfully challenged the § 924(c) conviction based on *Bailey*.

Although, he had already fully served the ninety-month sentence on the drug conviction, defendant

was resentenced by the district court to a one hundred and seven month term on that conviction,

over his Double Jeopardy objection.   The Tenth Circuit affirmed, stating:

> *Mendoza* recognizes that although a § 924(c)(1) conviction is technically separate
> from the underlying drug conviction, without the drug conviction, there can be no
> § 924(c)(1) conviction. *See* 18 U.S.C. § 924(c)(1) ("Whoever, during and in
> relation to any . . . drug trafficking crime . . . uses or carries a firearm, shall . . . be
> sentenced to imprisonment for five years.").   *Mendoza*'s approach of treating
> narcotics and § 924(c)(1) convictions as interdependent for resentencing purposes
> has come to be known as "the sentencing package doctrine."   *See United States v.
> Hicks,* 146 F.3d 1198, 1203 (10th Cir. 1998).   Although this doctrine has recently
> been decried as a "judicially-created fiction" that gives courts license "to ignore our
> long and well-settled law of finality of judgment," *see id*. at 1203 (McKay, J.,
> dissenting), it nevertheless remains the law of this Circuit, *see id*. at 1202-03.
>
> *                *                *
>
> [Defendant] may not have his cake and eat it too.   By petitioning for vacatur of one
> portion of his amalgamated sentence, [defendant] attacked the entire sentence, even
> that portion of his sentence he had already discharged.   We now join our sister
> circuits in holding that, on resentencing, a district court is entitled to revisit a
> petitioner's entire sentence, not just the challenged portion of that sentence.

*Id.* at 1223-24.  *Easterling* emphasized that the defendant's drug and firearm sentences "were, in

essence, 'one unified term of imprisonment,'" quoting *United States v. Smith*, 103 F.3d 531, 535

(7th Cir.), *cert. denied*, 520 U.S. 1248 (1997) and should be treated as "an aggregate sentence, not

sentences which may be treated discretely," quoting *Mendoza*, 118 F.3d at 710.  *Easterling*,

157 F.3d at 1224.

Much later, in *United States v. Benard*, 680 F.3d 1206 (10th Cir. 2012), the Tenth Circuit

held that the district court had erred by denying a motion to suppress statements defendant had

made that related to only one of two counts to which he had pled guilty, then addressed the impact

that error would have on defendant's plea to the other charge.   The prosecution argued that since

the error found on appeal related to only one of two counts to which defendant had pled guilty,

only that conviction should be remanded, while the other conviction should stand.   The Court

disagreed, noting that the defendant's decision to plead guilty to the second count "was not made

in a vacuum," and that the parties' bargaining positions had been based on "the aggregate strength

of all the incriminating evidence" against the defendant.   *Id*. at 1214 (citation omitted).

Therefore, the Court held that the suppression error required remand of both counts so that the

defendant could decide whether or not to withdraw his plea.   However, defendant was cautioned

to choose wisely, since withdrawing his plea could result in unintended consequences:

> In so ruling, we note that, should Defendant choose to withdraw his plea on remand, the parties will be restored to the status quo ante except as to the improperly admitted evidence.   The government will accordingly be free to reinstate any of the charges against Defendant that were dismissed pursuant to the plea agreement, . . . and Defendant may not receive the same sentence if he is convicted following a jury trial.   Thus, while Defendant is entitled to withdraw his guilty plea on remand, he may instead choose to be bound by the original plea if he concludes that this course of action would be strategically preferable in light of his limited success on appeal.

*Id*. at 1215 (citations omitted).   In its remand directive, the *Benard* Court specifically provided

that "[i]f Defendant elects not to withdraw his guilty plea [on remand], the district court is directed

to *reinstate his convictions and sentence*."[14]   *Id*. (emphasis added).   Thus, *Benard* specifically

ruled, under the facts in that case, that if the defendant chose to stand by the plea agreement he

---

[14] In *Benard*, the error found on appeal did not result in vacatur of either of the defendant's convictions. However, the Court considered that, since the plea agreement had been executed after the district court denied defendant's motion to suppress, that denial may have affected the defendant's decision to enter a plea.   Therefore, it held that the defendant must be given an opportunity to withdraw his plea, though if he did so, he could then be tried on both counts, although the evidence subject to the suppression error could not be used at trial.   In this case, however, Movant's Coercion and Enticement conviction will be vacated, and that conviction may not be reinstated.   Yet the principle that a defendant may choose to stand by his plea agreement with respect to the conviction that was not altered would appear to still apply, so long as the convictions are not "interdependent" and the sentences are not consecutive, as they were in *Mendoza, Lewis,* and *Easterling.*

could not be resentenced.   Significantly, the sentences in *Benard* were, like Movant's, related but not interdependent.[15]

The Court finds that the holdings of *Mendoza, Lewis,* and *Easterling*, which required that the entire plea agreements in those cases be vacated and the parties be returned to their statuses prior to entering into the pleas, do not squarely fit with the facts of this case because Movant's sentences are not consecutive and because the charges of Coercion and Enticement and Child Pornography are not interdependent.   Therefore, the Court finds that the plea agreement has not been rendered invalid based on the vacatur of the Coercion and Enticement charge.   Instead, the Court finds that the *Benard* holding appears most applicable to the facts of this case, and that, pursuant to the holding in that case, Movant should be given the option of whether or not to withdraw his plea to the Child Pornography charge.

### 2.   If Movant Elects to Stand by the Plea Agreement

If Movant elects to stand by the plea agreement and, therefore, to not withdraw his plea and conviction as to the Child Pornography charge, the issue then becomes whether or not Movant should be resentenced as to that charge.   Movant contends that he should be released from prison immediately because he has already served his sentence for Child Pornography, and Movant contests the Government's calculation of the Sentencing Guideline range under U.S.S.G. § 2G2.2 for an offense of Child Pornography standing alone.   *See* [*Doc. 1* at 5], [*Doc. 10* at 5], and [*Doc. 14* at 3].   The Government disputes this contention, and argues that Movant has not served sufficient time for his conviction of the Child Pornography charge.   *See* [*Doc. 12* at 3-4].

---

[15]   The charges to which Mr. Benard had entered a conditional plea of guilty were conspiracy to manufacture cocaine and possession of a firearm by a convicted felon.   Unlike the charges in *Mendoza* and *Lewis*, each of the *Benard* charges could stand alone.   Thus, although they were related by time and circumstance of discovery, as are Movant's, they were not interdependent.

First, the Court notes that Movant's argument regarding calculation of his sentence was first raised in Movant's reply brief, so it need not be considered here.  *See Forest Guardians v. U.S. Forest Serv.*, No. CIV.05 0372 JB/DJS, 2006 WL 4109660, at *3 (D.N.M. Aug. 15, 2006) (unpublished).   In addition, since the presiding judge sentenced Movant separately on each charge, so that Movant was specifically sentenced to nine years of imprisonment for Child Pornography to run concurrently with his sentence of nine years for Coercion and Enticement (*see CrDoc. 226* at 2), Movant's contention that he has already served his sentence for that conviction may be without merit.   Nevertheless, the Court notes that the Government asks that Movant be resentenced on his Child Pornography conviction.   *See* [*Doc. 9* at 21].   Moreover, the Court finds that the holding in *Benard* that, if the defendant there had elected not to withdraw his guilty plea, the district court would have been required to reinstate the defendant's sentence, does not squarely fit with the facts of this case.   This is because, in *Benard*, the error found on appeal did not result in vacatur of either of the defendant's convictions.   Here, instead, one of Movant's convictions will be vacated, and the sentence imposed pursuant to the plea agreement was for *both* convictions. Therefore, the Court recommends that, if Movant elects to stand by the plea agreement as to his plea and conviction for Child Pornography, Movant should be given the opportunity to ask the Court for a recalculation of his sentence with regard to that one charge.   At that time, Movant can present his contention that he has already served the maximum time allowable as to that charge, and the district court can then consider the Sentencing Guidelines with regard to Movant's plea and conviction for the charge of Child Pornography alone.

22

### 3.   *If Movant Elects to Withdraw his Plea to the Child Pornography Charge*

If, however, Movant elects to withdraw his plea to the child pornography charge, the Government requests that it be allowed to "revive the indictment" based on the doctrine of "frustration of purpose."   [*Doc. 9* at 21-22].   The Tenth Circuit described that doctrine in *United States v. Frownfelter*, 626 F.3d 549, 554 (10th Cir. 2010), noting that "[p]lea agreements are interpreted according to general principles of contract law" (citation omitted), and explaining that "[u]nder the contract doctrine of frustration of purpose, charges dismissed pursuant to a plea agreement may be reinstated if a 'reasonably unforeseeable event intervenes' such that a contracting party is deprived of the benefit that induced the agreement" (citing *United States v. Bunner*, 134 F.3d 1000, 1004 (10th Cir. 1998)).   The Tenth Circuit further explained that, pursuant to this doctrine, "[t]he aggrieved party may be relieved of its obligations under the plea agreement if it satisfies a three-part test:"

> First, the frustrated purpose must have been "so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense."   Second, the frustration must be such that the intervening event cannot fairly be regarded as within the risks the frustrated party assumed under the contract. Finally, "the non-occurrence of the frustrating event must have been a basic assumption on which the contract was made."

*Frownfelter*, 626 F.3d at 554 (quoting *Bunner*, 134 F.3d at 1004).

In *Bunner*, the Tenth Circuit considered the issue of whether the Government may reinstate counts that it dismissed pursuant to a plea agreement when the district court later vacates the defendant's sentence on the grounds that the facts supporting the plea no longer constitute a crime. 134 F.3d at 1002.   The Tenth Circuit found that, once the defendant became "relieved of his obligations under the plea agreement[,] . . . the underlying purpose of the agreement [was]

23

frustrated and the basis of the government's bargain [was] destroyed."   *Id.* at 1005.   Therefore, the Court found that, "under the frustration of purpose doctrine, the government's plea agreement obligations became dischargeable," and the government now faced a choice of either: (1) "perform[ing] according to the letter of the plea agreement;" or (2) "seek[ing] discharge of its duties" and returning the parties to the positions they occupied prior to the defendant entering his guilty plea.   *Id.*   The Tenth Circuit, therefore, held that the Government's choice to return the parties to the positions they were in prior to the plea agreement resulted in "the plea agreement no longer [binding] the parties [and [t]herefore, no obligation remained which prohibited the government from reinstating the previously dismissed charges."   *Id.*

The Court finds that the holding of *Bunner* applies here if Movant elects to withdraw his guilty plea.   Just as in *Bunner*, if Movant withdraws his plea to the Child Pornography charge, the purpose of the plea agreement will be frustrated, and the Government is no longer obligated by that agreement.   In that case, the Court recommends that the Government be allowed to decide whether: (1) to pursue only the Child Pornography charge that was part of the plea agreement; or (2) to reinstate the Child Pornography charges in the Indictment under the frustration of purpose doctrine.

### III.   Movant's Pending Motions

The undersigned recommends that Movant's ***Motion to Supplement Petitioner's Reply (Doc. 13)***, which was not opposed by the Government, be **GRANTED**, since the supplemental case law Movant submitted was considered in connection with the foregoing decision. Nonetheless, the undersigned was not persuaded by Movant's claim that his "newly-discovered authority" invalidates the Government's assertion that the elements of the CSP II statute were

"ambiguous" prior to *Stevens*.   The undersigned recommends that Movant's ***Motion for Expedited Disposition of Motion Under 28 U.S.C. § 2255*** *(Doc. 16)*, which was also not opposed by the Government, be **DENIED** as moot.   Finally, the undersigned recommends that Movant's ***Emergency Motion for Release Pending Habeas*** (*Doc. 11*), which the Government did oppose, (*Doc. 12*) be **DENIED**, both because it is now moot and because Movant has still conceded his guilt on the Child Pornography charge.

## IV.   Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Movant's § 2255 motion (*Docs. 1* and *4*) be **GRANTED** as to the charge of Coercion and Enticement under 18 U.S.C. § 2422(a), and that his conviction and sentence for that offense be **VACATED**.

**IT IS FURTHER RECOMMENDED** that Movant's § 2255 motion be **DENIED** as to the charge of Child Pornography under 18 U.S.C. § 2252, and that his § 2255 motion as to that charge be **DISMISSED with prejudice**.

**IT IS FURTHER RECOMMENDED**, based on the vacatur of Movant's Coercion and Enticement conviction, that, **within thirty (30) days** of entry of an Order adopting these proposed findings and recommended disposition, Movant must file a notification with the Court stating ***only one of the following options***:

(1)      "I hereby elect to stand by the Plea Agreement as to the plea and conviction for Child Pornography, with the understanding that I may ask the Court for a recalculation of my sentence with regard to that charge."; **OR**

(2)      "I hereby elect to withdraw my plea to the Child Pornography charge, with the understanding that by doing so, the Government may reinstate the charges in the Indictment regarding the Child Pornography charges."

If Movant fails to timely notify the Court as to his choice between (1) and (2), the Court recommends that Movant's current conviction and sentence as to the Child Pornography charge be left as is.

**IT IS FURTHER RECOMMENDED** that, if Movant elects to withdraw his plea to the Child Pornography charge, as set forth in his option (2) above, then **within ten (10) days** of receipt of Movant's notification, the Government must file a notification with the Court stating whether it will: (1) pursue only the Child Pornography charge that was part of the plea agreement; or (2) reinstate the Child Pornography charges in the Indictment under the frustration of purpose doctrine.

**IT IS FURTHER RECOMMENDED** that Movant's *Motion to Supplement Petitioner's Reply (Doc. 13)* be **GRANTED**, and that Movant's *Motion for Expedited Disposition of Motion Under 28 U.S.C. § 2255 (Doc. 16)* and Movant's *Emergency Motion for Release Pending Habeas (Doc. 11)* be **DENIED**.

*Lourdes A. Martínez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**